**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHH Mortgage Corporation,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Erick Silva a/k/a Erick A. Silva, "John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,<br><br>                              Defendants. | 2:25-cv-6184<br>(NJC) (JMW) |

**ORDER TO SHOW CAUSE**

NUSRAT J. CHOUDHURY, United States District Judge:

The Court has reviewed Plaintiff's Complaint (ECF No. 1) and has determined that Plaintiff has failed to establish whether this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons set forth below, Plaintiff is directed to show cause by March 11, 2026, in writing, with all material facts established by sworn affidavit, why this Court should not dismiss this action for lack of subject matter jurisdiction, without prejudice to refiling in the proper forum.

**LEGAL STANDARDS**

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)." [F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*,

128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Determining whether there is complete diversity requires assessing the citizenship of each party. "[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

Moreover, allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of diversity jurisdiction. *See Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of complete diversity of the parties requires affirmative statements of the identity and citizenship of all parties, and conclusory statements upon information and belief are insufficient); *see also Enteado v. Hi-Power Cycles, LLC*, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. 2016) ("allegations made 'upon information and belief,' are insufficient to convince the Court that diversity exists between the parties").

The second requirement of diversity jurisdiction—an amount in controversy of at least $75,000—is equally important. "[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* The amount in controversy alleged must be plausible, i.e., supported by facts in the complaint. *Wood v. Maguire Automotive, LLC*, 508 F. App'x. 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where plaintiff's "allegation in her complaint of $75,000 in controversy is conclusory and not entitled to a presumption of truth").

**DISCUSSION**

The Complaint asserts that "jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332." (Compl. ¶ 6.) It establishes that the amount in controversy exceeds $75,000 as required for jurisdiction under 28 U.S.C. § 1332(a) because it alleges that Defendants are indebted to Plaintiff pursuant to the terms of a note and mortgage in the amount of $271,025.37. (Compl. ¶ 19(a).) It also establishes that PHH Mortgage is a citizen of New Jersey because it alleges that PHH Mortgage is "organized under the laws of the State of New Jersey with its principal place of business in the State of New Jersey." (Compl. ¶ 2; *see also* ECF No. 4.) The Complaint fails, however, to plead sufficient facts to demonstrate that there is complete diversity between the parties for the following reasons.

First, the Complaint pleads all of the facts alleged in support of the citizenship of the Defendants "*upon information and belief*." (Compl. ¶¶ 3–5 (emphasis added).) This qualification renders the factual allegations insufficient to establish the citizenship of any of the remaining Defendants. *See Snyder Corp.*, 2018 WL 1428254 at *2; *Enteado*, 2016 U.S. Dist. LEXIS 28880 at *2.

Second, the Complaint fails to establish the citizenship of Defendant Erick Silva because it alleges only that Silva "is a resident and citizen of the State of New York, having an address" at an identified location in Valley Stream, New York. (Compl. ¶ 3.) This conclusory allegation in the Complaint amounts to the assertion that Silva is a citizen of New York based solely on Silva's residence, without addressing domicile. *See Van Buskirk*, 935 F.3d at 54 (holding that allegations of residency alone are insufficient to establish citizenship for diversity jurisdiction purposes).

4

Similarly, the Complaint names twelve unidentified "John Doe" Defendants, referring to any "persons, parties, corporations or other entities" who are presently unknown to PHH Mortgage but who may "hold[] or claim[] to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests . . . in and to any judgment or liens" upon the property that is being foreclosed. (Compl. ¶ 4.) The determination of complete diversity requires an affirmative statement of the citizenship of each party named in the Complaint. *Snyder Corp.*, 2018 WL 1428254 at *2. There are no allegations as to the citizenship of any of the fictitious defendants. PHH Mortgage shall address why the failure to allege the citizenship of the fictitious defendants is not a defect precluding diversity jurisdiction over this action.

**CONCLUSION**

For the reasons set forth above, Plaintiff must show cause by March 11, 2026 in writing, through sworn affidavit, why this Court should not dismiss this action for lack of subject matter jurisdiction, without prejudice to refiling in the proper forum.

If Plaintiff does not respond by March 11, 2026, or if its response does not show that the Court has subject matter jurisdiction over this action, the Complaint will be dismissed for lack of subject matter jurisdiction.

Dated: Central Islip, New York
February 25, 2026

 /s/ Nusrat J. Choudhury
NUSRAT J. CHOUDHURY
United States District Judge